# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

LARRON SINGLETON,

   Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.

   Defendant.

Case No. 6:19-cv-00539

## COMPLAINT

NOW COMES Plaintiff, LARRON SINGLETON, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, DIVERSIFIED CONSULTANTS, INC. as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Larron Singleton ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Tyler, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

1

8. DIVERSIFIED CONSULTANTS, INC. ("Defendant") is a foreign corporation with its principal place of business located in Jacksonville, Florida.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

12. As result of financial hardship, Plaintiff fell behind on financial obligations, including debt owed to Cellco Partnership d/b/a Verizon Wireless ("Verizon").

13. Plaintiff's $288.16 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Plaintiff's $288.16 balance is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

15. Verizon enlisted Defendant to collect Plaintiff's unpaid balance.

16. In June/July of 2019, Plaintiff started to receive phone calls from Defendant.

17. Initially, Defendant refused to identify whom they were collecting on behalf of; only that Plaintiff owed $288.16.

18. Frustrated, Plaintiff told Defendant to stop calling.

19. Regrettably, these phone calls persisted.

20. Eventually, Plaintiff discovered that they were collecting on behalf of Verizon.

21. In fact, Plaintiff continues to receive phone calls from Defendant.

22. All in all, Plaintiff has received no less than 15 additional unwanted phone calls from Defendant.

23. On no less than four or five occasions, Plaintiff repeated her request that Defendant stop calling.

24. To date, Plaintiff has not received anything in writing from Defendant regarding this debt.

25. Defendant's failure to advise Plaintiff – *in writing* – deprived Plaintiff notice of Plaintiff's rights under the law.

26. Defendant's phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

27. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased.

28. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

30. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

31. Defendant violated 15 U.S.C. § 1692d(5) by continuing to place phone calls to Plaintiff despite Plaintiff's request(s) that Defendant stop calling.

32. Defendant's behavior of continuing to place phone calls to Plaintiff was abusive, harassing, and oppressive.

### Violation(s) of 15 U.S.C. § 1692g(a)

33. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

>   (5)   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

34. The disclosures set forth in 15 U.S.C. § 1692g(a), frequently referred to as the "validation notice," are required in the initial communications of all debt collection attempts.

35. The validation notice provisions were included by Congress to ensure that consumers would receive notice of their legal rights.

36. Defendant violated 15 U.S.C. § 1692g(a) by failing to include the mandatory validation notice as required by 15 U.S.C. § 1692g(a).

37. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to provide the amount of the debt.

38. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to provide the name of the creditor to whom the debt is owed.

39. Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to provide a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

40. Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to provide a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

41. Defendant violated 15 U.S.C. § 1692g(a)(5) by failing to provide a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide

the consumer with the name and address of the original creditor, if different from the current creditor.

42. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5), g(a), g(a)(1), g(a)(2), g(a)(3), g(a)(4) and g(a)(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692d(5), g(a), g(a)(1), g(a)(2), g(a)(3), g(a)(4) and g(a)(5);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## Count II
## Violation(s) of Tex. Fin. Code Ann. § 392.302

43. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

44. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

    (4)    causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

45. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's request(s) that Defendant stop calling.

46. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a)    A person may sue for:

    (1)    injunctive relief to prevent or restrain a violation of this chapter; and

    (2)    actual damages sustained as a result of a violation of this chapter.

(b)    A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A.    a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B.    an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.    an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.      an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: November 8, 2019                              Respectfully submitted,

**LARRON SINGLETON**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com